UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| CAROLYN HAWTHORNE, *on behalf of herself and those similarly situated*; | ) ) ) ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) ) ) |
| | ) **CLASS ACTION COMPLAINT** |
| NORTHVIEW VILLAGE, INC. d/b/a NORTHVIEW VILLAGE, HEALTHCARE ACCOUNTING SERVICES, LLC, and NORTHVIEW VILLAGE CENTER LIMITED PARTNERSHIP; | ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) |

Carolyn Hawthorne (the "Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against Defendants Northview Village, Inc., doing business as Northview Village, Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership (collectively "Defendants"), by way of this Class Action Complaint against Defendants alleging as follows:

### NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendants, her employers for WARN Act purposes.

2. On or within 30 days of December 15, 2023, Defendant made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 184 employees at her facility located at 2415 N Kingshighway Blvd, St. Louis, Missouri.

3. Defendants failed to provide 60 days advance written notice to employees or staff as required by the WARN Act, 29 U.S.C. § 2101 *et seq.,* to the affected employees.

4. On December 15, 2023, Defendants verbally informed the affected employees in the Northview Village Nursing Home ("Northview Village") that, as of that same day, the facility was being evacuated, Northview Village was shutting down, and Northview Village was not able to pay the employees for their work.

5. On December 15, 2023, Defendants provided written notice to confirm that funds were not available for the employees to get paid. The employees were unable to return to work because Northview Village was, and continues to be, shut down.

6. Defendants' reduction in forces constituted a mass layoff or plant closing, which became terminations, commencing on December 15, 2023 and occurring within 30 days. As such, Plaintiff and other similarly situated employees, should have received the full protection afforded by the WARN Act.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

**PARTIES**

9. At all times herein relevant, each of the Representative Plaintiff was and are members of the Nationwide class.

10. Plaintiff Carolyn Hawthorne is a citizen of the United States and resident of St. Louis, Missouri. Plaintiff Hawthorne was employed by Northview Village Nursing Home at all relevant times at the St. Louis, Missouri facility. She is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7).

11. Defendant Northview Village, Inc. d/b/a Northview Village is a Missouri incorporated company registered in Missouri. Defendant Northview Village, Inc. d/b/a Northview Village, may be served via its registered agent, Mark S. Rubin, 231 S. Bemiston, Suite 1111, Clayton, MO 63105.

12. Defendant Healthcare Accounting Services, LLC is an Illinois limited liability company registered in Illinois. Defendant Healthcare Accounting Services, LLC may be served via its registered agent, Makhlouf Suissa, 2415 N. Kingshighway Blvd., St. Louis, MO 63113.

13. Defendant Northview Village Center Limited Partnership is a Missouri limited partnership registered in Missouri. Defendant Northview Village Center Limited Partnership may be served via its registered agent, Mark S. Rubin, 231 S. Bemiston, Suite 1111, Clayton, MO 63105.

14. Collectively, these entities are responsible for the operation of Northview Village Nursing Home located at: 2415 N Kingshighway Blvd., St. Louis, Missouri.

15. Upon information and belief, these entities acted as a joint or single employer for the purposes of the WARN Act.

16. Upon information and belief, these entities jointly and collectively made the decision to terminate the employees.

## FACTS

1. Defendants are a private, Missouri-based business that provides healthcare to the St. Louis community.

2. On or about December 15, 2023, Defendants informed all employees at its St. Louis, Missouri, facility, Northview Village, including Plaintiff, that it was unable to pay them, and that they needed to evacuate the residents from Northview Village because the building was being shut down.

3. That same day, December 15, 2023, Defendants followed up with employees in writing that there were not enough funds available to pay its employees. The employees who were on duty at the time, including Plaintiff, cared for and evacuated approximately 170 residents from Northview Village even though they were informed they were not going to get paid. Plaintiff was one of the last individuals to leave Northview Village after ensuring every resident was safely evacuated.

4. The employees, including Plaintiff, were, and continue to be, unable to return to work because Northview Village remains shut down.

5. Defendants did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

6. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

7.     By failing to provide its affected employees who were temporarily or permanently terminated on or around December 15, 2023, with WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

18.    Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of December 15, 2023.

19.    Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied.  For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of her mass layoff under the WARN Act, 29 U.S.C. § 2102.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class, and her claims are typical of the claims of other class members.  Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members.  Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the class and its interests.  Moreover, Plaintiff have retained competent and experienced counsel who will effectively

represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

20. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

21. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

22. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
### COUNT I
### (WARN Act)

23. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

24. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

25. Plaintiff and those they seek to represent were at all relevant times "affected employees" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

26. The December 15, 2023, permanent layoffs of at least 184 employees at Northview Village, a St. Louis, Missouri facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

27. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), Northview Village, the St. Louis, Missouri, facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

28. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

29. On information and belief, prior to December 15, 2023, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those they seek to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any *prior* written notice to the Missouri Department of Labor, Missouri Job Center, or to the chief elected official of the local government within which the mass layoff was ordered.  Rather, Defendants waited until the day of the mass layoffs to give employees the requisite notice, and they never gave notice to the Missouri Job Center.

30. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about December 15, 2023.

31. As such, Plaintiff and those they seek to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

32. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102.  *See* 29 U.S.C. § 2104(5).

33. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants had no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendants have violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those they seek to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those they seek to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those they seek to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5.      A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendants had no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6.      A judgment against Defendants and in favor of Plaintiff and those they seek to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7.      A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8.      Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

This 22nd day of December 2023.

Respectfully submitted,

*/s/ John F. Garvey*
**STRANCH, JENNINGS & GARVEY, PLLC**
John F. Garvey, #35879 (MO)
Colleen Garvey, #72809 (MO)
Ellen A. Thomas, #73043 (MO)
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
(314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419

gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Christopher N. Grant (MO Bar # 53507)
**SCHUCHAT, COOK & WERNER**
555 Washington Ave, Ste. 520
St. Louis, MO, 63101
(314) 621-2626
(314) 621-2378
cng@scwattorney.com

\* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*

### CERTIFICATE OF FILING

The undersigned hereby certifies that the foregoing has been filed by using the Court's Electronic Case Filing System on this 22nd day of December, 2023

/s/John F. Garvey