**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CAROLYN HAWTHORNE, | ) | |
| *on behalf of herself and those* | ) | |
| *similarly situated*; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  4:23-cv-01711-SRW |
| v. | ) | |
| | ) | |
| NORTHVIEW VILLAGE, INC. | ) | |
| d/b/a NORTHVIEW VILLAGE, | ) | |
| HEALTHCARE ACCOUNTING | ) | |
| SERVICES, LLC, and NORTHVIEW | ) | |
| VILLAGE CENTER LIMITED | ) | |
| PARTNERSHIP; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS NORTHVIEW VILLAGE, INC.'S, HEALTHCARE ACCOUNTING
SERVICES, INC.'S AND NORTHVIEW VILLAGE CENTER L.P.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW Defendants Northview Village, Inc. ("NVI"), Healthcare Accounting
Services, Inc. ("HAS, LLC") and Northview Village Center L.P. ("NVC, LP") (hereinafter
collectively, "Defendants"), by and through the undersigned counsel of record and in accordance
with Fed. R. Civ. P. 12 hereby submit their Answer and Affirmative Defenses to Plaintiff's First
Amended Complaint ("FAC").  In support, Defendants state as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of Plaintiff's Amended Complaint asserts a legal conclusion to which
no response is necessary. To the extent a further response is required, Defendants deny.

2. Defendants admit that Defendants collectively operate the Northview village
Nursing Home, which houses approximately 170 residents. Defendant is without sufficient
information or knowledge to form a belief as to the truth of the matter of the remaining allegations

of paragraph 2, and therefore denies same.

3.     Defendants deny the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and demands strict proof thereof.

4.     Defendants deny the allegations as stated contained in paragraph 4 of Plaintiff's Amended Complaint and demands strict proof thereof.

5.     Defendants deny the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6.     Defendants admits the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.     Defendants are without sufficient information or knowledge to form a belief as to the truth of the matter of the allegations of paragraph 5, and therefore deny same.

8.     Defendants admit the Department of Health & Senior Services ("DHSS") issued a report relating to the shutdown of Northview Village. Defendants deny the remaining allegations of paragraph 8 of Plaintiff's Amended Complaint and therefore deny same.

9.     Paragraph 9 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

10.     Paragraph 10 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

## JURISDICTION & VENUE

11.     Paragraph 11 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

12.     Paragraph 12 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

## PARTIES

13.     Paragraph 13 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

14.     Defendants admit Plaintiff Carolyn Hawthorne was employed by Northview Village Nursing Home. Defendants are without sufficient information or knowledge as to the Plaintiff's citizenship or resident status, and, therefore, denies same. The remainder of paragraph 14 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

15.     Defendants admit the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16.     Defendants admit Healthcare Accounting Services, LLC ("HAS") is an Illinois limited liability company registered in Illinois and that it also maintains an office at 1600 S. Brentwood, Suite 200, St. Louis, MO 63114. Defendants deny the remaining allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.     Defendants admit the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.     Paragraph 19 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

20.     Defendants deny the allegations asserted in paragraph 20 of Plaintiff's Amended Complaint and demands strict proof thereof.

21.     Paragraph 21 of Plaintiff's Amended Complaint asserts a legal conclusion to which

no response is necessary. To the extent a further response is required, Defendants deny.

## FACTS

***Defendants collectively operated as a joint and/or single employer under the WARN Act.***

22.     Defendants admit the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.     Paragraph 23 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

24.     Defendants deny the allegations asserted in paragraph 24 of Plaintiff's Amended Complaint and demands strict proof thereof.

### *Common Ownership*

25.     Defendants admit the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendants admit the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of Plaintiff's Amended

Complaint.

32.     Defendant HAS denies it operates Northview Village and other facilities in the St. Louis area and elsewhere. Defendants admit the remaining allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendants admit the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

*Common Directors and Officers*

34.     Defendants admit the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36.     Defendants admit the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Amended Complaint and demands strict proof thereof.

*Dependence and Interrelated Operations*

38.     Defendants admit Defendant HAS as a "senior community network." Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendants admit the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Amended Complaint and demands strict proof thereof.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Amended

Complaint and demands strict proof thereof.

42.     Defendants admits Kathy Lorey is the Director of Operations of Northview Village. Defendant denies the remaining the allegations contained in paragraph 42 of Plaintiff's Amended Complaint and demands strict proof thereof.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Amended Complaint and demands strict proof thereof

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Amended Complaint and demands strict proof thereof.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Amended Complaint and demands strict proof thereof

46.     Defendants admit that paperwork for new hires to the nursing staff include a line requiring Kathy Lorey's approval. Defendants deny the remaining allegations contained in paragraph 46 of Plaintiff's Amended Complaint and demands strict proof thereof.

47.     Defendants deny that Kathy Lorey is HAS personnel and that the Union routinely interacted with HAS on matters related to the administration of that collective bargaining agreement. Defendants admit the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48.     Defendants admits that paperwork for a change in nursing employee's compensation includes a line for Kathy Lorey's signature. Defendants deny the remaining allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Amended

Complaint and demands strict proof thereof.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Amended Complaint and demands strict proof thereof.

### De Facto Control

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Amended Complaint and demands strict proof thereof.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Amended Complaint and demands strict proof thereof.

54.     Defendants admits the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Amended Complaint and demands strict proof thereof

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Amended Complaint and demands strict proof thereof.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Amended Complaint and demands strict proof thereof.

### The Closing of the St. Louis, Missouri Facility

58.     Defendants admit the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Amended Complaint and demands strict proof thereof.

60.     Defendants are without information or knowledge sufficient to form a belief as to whether Plaintiff was one of the last individuals to leave Northview Village after ensuring every

resident was safely evacuated and therefore denies same. Defendants deny the remaining allegations contained in paragraph 60 of Plaintiff's Amended Complaint.

61.     Defendants admit the allegations contained in paragraph 61 of Plaintiff's Amended Complaint.

62.     Defendants admit the allegations contained in paragraph 62 of Plaintiff's Amended Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Amended Complaint and demands strict proof thereof.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiff's Amended Complaint and demands strict proof thereof.

65.     Paragraph 65 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

## RULE 23 CLASS ACTION ALLEGATIONS

66.     Paragraph 66 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

67.     Paragraph 67, including all of its subparts (a-d), of Plaintiff's Amended Complaint assert a legal conclusion to which no response is required. To the extent a further response is deemed necessary, Defendants deny.

68.     Paragraph 68 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny

69.     Paragraph 69 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny

70.     Paragraph 70 of Plaintiff's Amended Complaint asserts a legal conclusion to which

no response is necessary. To the extent a further response is required, Defendants deny.

## <u>COUNT I – VIOLATIONS OF THE WARN ACT 29 U.S.C §§ 2101, *et seq.*</u><br><u>(AGAINST ALL DEFENDENTS)</u>

71.     Defendants incorporate by reference their answers to all previous paragraphs of Plaintiff's Amended Complaint as if fully set forth herein.  Paragraph 71 of Plaintiff's Amended Complaint asserts no allegation to which a response is required.  To the extent a response is deemed required, Defendants deny.

72.     Paragraph 72 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

73.     Paragraph 73 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

74.     Paragraph 74 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

75.     Paragraph 75 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

76.     Paragraph 76 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

77.     Defendant admits it did not give written notice prior to the day of the shutdown to the Missouri Department of Labor, Missouri Job Center, or the chief elected official of the local government. The remaining allegations contained in paragraph 77 of Plaintiff's Amended Complaint assert legal conclusions to which no response is necessary. To the extent a further response is required, Defendants deny.

78.     Paragraph 78 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

79.     Paragraph 79 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

80.     Paragraph 80 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

81.     Paragraph 81 of Plaintiff's Amended Complaint asserts a legal conclusion to which no response is necessary. To the extent a further response is required, Defendants deny.

WHEREFORE, Defendants Northview Village, Inc., Healthcare Accounting Services, Inc. and Northview Village Center L.P. respectfully request that Count I of Plaintiff's First Amended Complaint be hence dismissed with prejudice, together with costs, and for such other and further relief as this Honorable Court deems just and appropriate under the premises.

## AFFIRMATIVE DEFENSES

A.     Plaintiff fails to state a claim upon which relief may be granted.

B.     Plaintiff's claims are barred by the applicable statute of limitations.

C.     The notice requirements for the shutdown of Northview Village Nursing Home falls within the unforeseeable business circumstances exception under 29 U.S.C. § 2102(b)(2)(A). Defendant itself did not reasonably know the shutdown would occur, thus under 29 U.S.C. § 2102(b)(2)(A), Defendant may "order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that the notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

D.     Defendants are entitled to the reduction of the notification period under 29 U.S.C. § 2102 (b)(1) under the faltering employer exception. At the time the 60-day notification would have been required, Defendant was actively seeking capital or business, which, if obtained, would

have enabled Defendant to avoid or postpone the shutdown and the employer reasonably and in good faith believed that giving the notice would have precluded Defendant from obtaining the needed capital or business.

E.     Defendants gave as much notice as practicable under the circumstances 29 U.S.C. § 2102 (b)(3) as it did not know until the day of the shutdown that the shutdown would occur.

F.     No notice was required under 20 U.S.C. § 2102 as Defendant only announced a delay of funds, not that the facility was to be shutdown. The shutdown occurred as a direct impact of the looting and rioting of the employes.

G.     The shutdown occurred due to an intervening or superseding cause that was not foreseeable and beyond Defendants' control, and therefore, Defendants were unable to provide notice under the WARN Act.

H.     Plaintiffs are not entitled to recovery under the doctrine of unclean hands.

I.     Plaintiffs failed to mitigate their damages and therefore are not entitled to recovery.

J.     Plaintiffs are not entitled to attorneys' fees under the WARN Act as the Plaintiffs' claims are frivolous, unreasonable, and baseless.

K.     Plaintiffs' claims for medical expenses incurred during the employment loss are not recoverable under the WARN Act.

L.     Plaintiffs' recovery is subject to the economic loss doctrine.

M.     Plaintiffs' waived WARN Act rights and benefits and therefore recovery is barred.

N.     Defendants acted in good faith at all times and had the subjective intent to comply with the WARN Act.

## **GENERAL DENIAL**

Defendants deny all unnumbered allegations and those not expressly admitted herein.

## JURY DEMAND

Defendants demand a trial by jury of twelve as to all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Northview Village, Inc., Healthcare Accounting Services, Inc. and Northview Village Center L.P. respectfully request that Plaintiff's First Amended Complaint be hence dismissed, together with costs, and requests such other and further relief the Court deems just and appropriate under the premises.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By:   /s/ James C. Morris
      James C. Morris, #53074MO
      Chelsea M. Baran, #73627MO
      211 North Broadway, Suite 2150
      St. Louis, Missouri 63102
      Tel: (314) 961-6686
      Fax: (314) 338-3076
      jmorris@grsm.com
      cbaran@grsm.com
      *Counsel for Defendants Northview Village*
      *Inc. d/b/a Northview Village, Healthcare*
      *Accounting Services, LLC and Northview*
      *Village Center L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on February 21, 2024, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

      /s/ James C. Morris