UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN HAWTHORNE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-CV-1711 SRW |
| NORTHVIEW VILLAGE, INC., et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter comes before the Court on James C. Morris and Chelsea M. Baran's Motion for Leave to Withdraw as Counsel. (ECF No. 33). The Court held a hearing on this motion on May 23, 2024. This motion will be held in abeyance until Defendants retain substitute counsel, or June 24, 2024, whichever event is first to occur. The Court will permit defense counsel to withdraw from representation of Defendants on June 24, 2024, regardless of whether Defendants have retained substitute counsel.

I.   BACKGROUND

Plaintiff filed this action on behalf of herself and a putative class of similarly situated employees against Defendants Northview Village, Inc., Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership alleging Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109. Plaintiff filed an amended complaint in February 2024, and Defendants answered shortly thereafter. The Court held a Rule 16 Conference and entered a case management order in March 2024.

Defense counsel now seeks to withdraw as counsel asserting Defendants are no longer able to pay them for legal services. Defendants are past due on their attorney fee payments and

were provided notice of counsel's intent to withdraw as counsel for Defendants in this case. Defense counsel informed the Court that Defendants do not want them representing Defendants any longer, and they have been instructed to cease all work on the matter. The Court requested a representative of Defendant's to appear at the hearing on the motion to withdraw; however, no representative appeared.

## II. DISCUSSION

Defense counsel's motion to withdraw is proper under the Missouri Rules of Professional Conduct which this Court has adopted. Local Rule 12.02. However, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a limited liability company. A corporation, or other artificial entity, can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities."); *In re Heyl*, 770 F.3d 729, 730 (8th Cir. 2014) (LLC may appear in federal court only through licensed counsel); *Goldstein v. Roxborough Real Estate LLC*, 677 Fed. App'x 796, 798 (3d Cir. 2017) ("Corporations, including limited partnerships, may appear in federal court only through counsel.").

"Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493 at *1 (E.D. Mo. Aug. 1, 2014) (citing *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); *see Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to

withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Defendants failure to retain substitute counsel as ordered herein may subject them to a default judgment in favor of Plaintiff. *See Forsythe v. Hales*, 255 F.3d 487, 490–91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court provided ample basis for a grant of default judgment); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's motions to withdraw from representation of defendant will be granted when substitute counsel enters an appearance or on June 24, 2024, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel's Motion for Leave to Withdraw as Counsel, ECF No. 33, will be held in abeyance until Defendants retain substitute counsel, or June 24, 2024, whichever event occurs first. The Court will grant defense counsel's motion to withdraw at that time.

**IT IS FURTHER ORDERED** that Defendants shall retain substitute counsel no later than June 24, 2024. Substitute counsel must enter their appearance in this case not later than June 24, 2024. Failure to comply with this order may result in Defendants' pleadings being struck and default judgment being entered against all Defendants.

**IT IS FURTHER ORDERED** that this case shall be stayed until Defendants retain substitute counsel, or June 24, 2024, whichever event occurs first.

**IT IS FURTHER ORDERED** that current defense counsel shall forthwith provide a copy of this order to each Defendant in a manner reasonably assured to determine Defendants receipt of this order.

So Ordered this 23rd day of May, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE