UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN HAWTHORNE, *on behalf of herself and those similarly situated*; <br><br> Plaintiff, <br><br> v. <br><br> NORTHVIEW VILLAGE, INC. d/b/a NORTHVIEW VILLAGE, HEALTHCARE ACCOUNTING SERVICES, LLC, and NORTHVIEW VILLAGE CENTER LIMITED PARTNERSHIP; <br><br> Defendants. | Case No. 4:23-cv-01711-SRW |

### PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2)

Plaintiff Carolyn Hawthorne, by and through her undersigned counsel, moves for entry of default judgment against Defendant Northview Village, Inc. d/b/a Northview Village, Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership (collectively, "Defendants"). In support, Plaintiff states as follows:

1. The court held a hearing on May 24, 2024, and on that same day entered an order, holding this motion in abeyance and ordering Defendants to obtain substitute counsel no later than June 24, 2024. The Court's order indicated that Defendants' pleadings could be stricken, and they could be held in default, if they failed to do so. (Dkt. 37).

2. On July 10, 2024, after Defendants failed to obtain substitute counsel, the Court granted defense counsel' motion to withdraw. (Dkt. 38).

3. Defendants never obtained new counsel.

4. By Order dated August 27, 2024, the Court ordered Defendants' Answer stricken from the docket. (Dkt 42.)

5. Clerk's Default was entered on August 29, 2024. (Dkt. 43).

6. Class Certification was granted on December 16, 2024. (Dkt. 52).

7. This Court has recognized that "[e]ntry of default is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." *SSM Managed Care Org., LLC v. Comprehensive Behavioral Care, Inc.*, 2014 WL 241920, at *1 (E.D. Mo. Jan. 22, 2014); *see also R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 WL 715526, at *2 (S.D.N.Y. Dec. 12, 1996); *Goodman Distrb., Inc. v. Haaf*, 2011 WL 6934265, at *2 (E.D. Mo. Dec. 30, 2011); *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997). Limited liability companies and partnerships are treated like corporations for purposes of default. *See Margulis v. Int'l Media, LLC*, 2023 WL 3534173, at *1 (E.D. Mo. May 18, 2023).

8. As Defendants' Answer was struck, Defendants have failed to defend this matter. For lack of an Answer, Defendants admits the well-pleaded factual allegation of Plaintiff's Complaint, and the Court should accept as true all of the facts alleged in the Complaint. See Fed. R. Civ. P. 8(d) ("averments in a pleading to which a responsive pleading is required are admitted when not denied . . . ."); *see also Taylor v. Baldwin*, 859 F.2d. 1330, 1333 & n.7 (8th Cir. 1988).

9. Plaintiff has satisfied the requirements to assert a violation of the WARN Act. The Complaint alleges that Defendants Northview Village, Inc., Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership acted as a joint or single employer and are an employer for purposes of the WARN Act, (Am. Pet. ¶¶ 19, 22-57, 72), that Defendants ordered a closing and mass layoff without giving 60 days' advanced notice (or any advanced notice) and caused the termination of every employee at the facility, (Am. Pet. ¶¶ 59-65, 74-78-),

and that employees of Defendants are affected employees and aggrieved employees entitled to notice and relief, (Am. Pet. ¶ 76-77, 79-80). *See Sides v. Macon County Greyhound Park, Inc.*, 725 F.3d 1276, 1281 (11th Cir, 2013) ("A valid WARN Act claim requires the presence of the following three elements: "(1) a mass layoff [or plant closing as defined by the statute] conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled notice.") (citing Allen v. Sybase, Inc., 468 F.3d 642, 654 (10th Cir. 2006).

10. The Class Certification in this case confirms that Plaintiff may pursue this action and obtain relief for all employees of Defendants who were terminated pursuant to the closing or mass layoff.

11. Here, Plaintiff's damages and that of the class can be made certain by a straightforward computation. Clerk's Default established liability under the WARN Act for failure to give notice before a mass layoff or plant closing as required. The Act entitles plaintiffs to back pay "for each day of [Defendants'] violation(s)" which may be calculated to include the final regular rate received by employees and benefits under an employee benefit plan. 29 U.S.C 2104(a)(1)(A).

12. Plaintiff must submit an affidavit "showing the amount due." Fed. R. Civ. P. 55(b)(2). Defendant's default has established its liability under the WARN Act for failure to give any notice to Plaintiff and other employees before laying them off as part of a mass layoff or plant closing. (See Am. Compl. ¶¶ 3-10, 59, 63-64.) No statutory defense is available to Defendant. (See id; see also id. at ¶ 63-64, 81.). The Act therefore entitles Plaintiff to back pay "for each day of [Defendant's] violation." 29 U.S.C. § 2104(a)(1)(A). Because Defendant was obligated to give 60 days' notice, id. § 2102(a)(1), but gave zero, Am. Compl. ¶ 3, 9 & 63, Plaintiff is entitled to 60 days' back pay. *See Breedlove v. Earthgrains Baking Cos., Inc.*, 140

F.3d 797, 799 (8th Cir. 1998) ("The statute provides that any employer who violates the notice provision 'shall be liable to each aggrieved employee who suffers an employment loss for … back pay for each day of violation.'" (quoting 29 U.S.C. § 2104(a)(1))).

13. Plaintiff can estimate the amounts due using records which Defendants provided in this case, including a list of employees and paychecks showing amounts paid and hours worked by employees around the time of the closing. Those records show that employees averaged a pay rate of $18.36 per hour. (Gladney Aff. at ¶ 5.) The records show that employees worked a varying number of hours, but many worked at least 40 hours per week with some employees working more than 40 hours per week. It is therefore safe to assume that employees worked on average an 8-hour workday. (Gladney Aff. at ¶ 6.) In addition, a union contract covering the facility shows that the Defendants provided a variety of benefits, including vacation, holiday, sick leave, and health and welfare insurance. The exact cost of these benefits is not known; but, the cost of health and welfare was close to 15% of the average pay rate and 2 weeks' vacation is another 3.8% of pay. Based on this information, it is reasonable to estimate that benefits are at least 20% of each employee's compensation. (Gladney Aff. at ¶ 7.) Using the above figures, Plaintiff estimates that the total amount in damages is $1,945,866.24. (Gladney Aff. at ¶ 8.)

14. Plaintiff is entitled to make an estimate of damages in the form of compensation based on the lack of records, because it is Defendants' burden to maintain proper employment records on hours worked, and Defendants have failed to defend and to provide more detailed records. Plaintiff and the class should not be denied a meaningful remedy because they cannot state the precise extent of the amount they are owed. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (in similar context of FLSA case, an employee carries his burden of

proof that he is entitled to compensation for overtime if he proves that "he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

15. Thus, Defendants' failure to timely respond to the Court's order constitutes a failure to "otherwise defend" and calculation can be made for a sum certain amount of $1,945.866.24 supported by an affidavit (Exhibit A) within the meaning of Rule 55(b)(2) and warrants entry of default.

In light of the foregoing, the clerk should enter default judgment against Defendants under Rule 55(b)(2) for $1,945.866.24.

DATED: August 15, 2025                    Respectfully submitted,

/s/ *Samuel Gladney*
Samuel Gladney, #69094 (MO)
John F. Garvey, #35879 (MO)
Colleen Garvey, #72809 (MO)
Ellen A. Thomas, #734043 (MO)
**STRANCH, JENNINGS & GARVEY, PLLC**
Peabody Plaza
701 Market Street, Suite 1510
St. Louis, MO 63101
(314) 390-6750
sgladney@stranchlaw.com
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

J. Gerard Stranch, IV
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

4870-2978-8112, v. 2

Christopher N. Grant
Brady Lee Root
**SCHUCHAT COOK & WERNER**
555 Washington Avenue
Suite 520
St. Louis, MO 63101
(314) 732-1127
cng@scwattorney.com
blr@scwattorney.com

*\* Pro Hac Vice*
*Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2025, the foregoing document was filed with the Court's electronic filing system, which will send notice to all attorneys of record and mailed to the following address, designated by Defendants' former counsel for service, via U.S. Mail, postage prepaid:

**Northview Village Inc. d/b/a Northview Village**
1600 S. Brentwood Blvd., Suite 200
St. Louis, Missouri 63144

**Healthcare Accounting Services, LLC**
1600 S. Brentwood Blvd., Suite 200
St. Louis, Missouri 63144

**Northview Village Center, L.P.**
1600 S. Brentwood Blvd., Suite 200
St. Louis, Missouri 63144

                                               */s/ Samuel Gladney*
                                               Samuel Gladney,