UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAROLYN HAWTHORNE, *on behalf of herself and those similarly situated*; | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:23-CV-1711-SRW |
| NORTHVIEW VILLAGE, INC. d/b/a NORTHVIEW VILLAGE, HEALTHCARE ACCOUNTING SERVICES, LLC, and NORTHVIEW VILLAGE CENTER LIMITED PARTNERSHIP; | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff Carolyn Hawthorne's Motion for Default Judgment against Defendant Northview Village, Inc. d/b/a Northview Village, Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership (collectively, "Defendants"). On December 22, 2023, Plaintiff filed this action on behalf of herself and a putative class of similarly situated employees against Defendants alleging Defendants violated the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. §§ 2101-2109. Plaintiff filed an amended complaint in February 2024, and Defendants answered shortly thereafter. The Court held a Rule 16 Conference and entered a case management order in March 2024.

On May 8, 2024, counsel for Defendants filed a Motion for Leave to Withdraw. This Court held a hearing on that motion May 23, 2024. The Court issued an Order following that hearing stating Defendants failure to retain substitute counsel as ordered herein may subject

them to a default judgment in favor of Plaintiff. Defense counsel's motions to withdraw from representation of defendants was granted. No substitution counsel entered. Following Defendants failure to obtain substitute counsel, on August 27, 2024, Defendant's Answer was stricken from the docket. The Clerk entered default as to Defendants on August 29, 2024.

Plaintiffs were granted class certification on December 16, 2024. Plaintiff seeks the Court to enter a default judgment against Defendants under Rule 55(b)(2) in the amount of $1,945.866.24. For the following reasons, the Court will grant the Plaintiff's motion for default judgment.

**Default Judgment**

A corporation, or other artificial entity, can only act through agents, cannot appear pro se, and must be represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. … As the courts have recognized, the rationale for that rule applies equally to all artificial entities."); *In re Heyl*, 770 F.3d 729, 730 (8th Cir. 2014) (LLC may appear in federal court only through licensed counsel); *Goldstein v. Roxborough Real Estate LLC.*, 677 Fed. App'x 796, 798 (3d Cir. 2017) ("Corporations, including limited partnerships, may appear in federal court only through counsel.").

Defendants were ordered to obtain substitute counsel, and they failed to do so. Defendants' failure to retain substitute counsel as ordered by this Court may subject them to a default judgment in favor of Plaintiff. See *Forsythe v. Hales*, 255 F.3d 487, 490–91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court provided ample basis for a grant of default judgment); *Ackra Direct Mktg. Corp. v.*

3

*Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). An entry of a default judgment is "appropriate where a defendant corporation fails to comply with a court order to obtain counsel." *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493 at *1 (E.D. Mo. Aug. 1, 2014) (citing R. *Maganlal & Co. v. M.G. Chem. Co., Inc.*, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see *Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Defendants have failed to defend this matter. On August 29, 2024, a clerk's default was entered which is a prerequisite to the granting of a default judgment under Fed. R. Civ. P. 55(b). *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir.1998). After a default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018) (cleaned up) (quoting *Vicinty v. Hard Rock Foundations, LLC,* 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013)); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (noting that allegations within a well-pleaded complaint are to be taken as true in a default judgment action).

The Court may enter default judgment on behalf of Plaintiff only when satisfied, "on the basis of the sufficiency of the Complaint and the substantive merits of Plaintiff's claim, that 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *St. Louis-Kansas City Carpenters Reg'l Council v. Riley Flooring Co., LLC.*, 2022 WL 103331, at *2 (E.D. Mo. Jan. 11, 2022) (quoting *Murray v. Lene*,

4

595 F.3d 868, 871 (8th Cir. 2010) (citation omitted)).

The Court, in reviewing the complaint and merits of Plaintiff's claim, accepts the allegations in Plaintiff's amended complaint as true. Plaintiff has satisfied the requirements to assert a violation of the WARN Act. Defendants, Northview Village, Inc., Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership, acted as a joint or single employer and are an employer for purposes of the WARN Act. On or about December 15, 2023, Defendants ordered a closing and mass layoff without giving 60 days' advanced notice and caused the termination of every employee at the facility. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a). The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102, such as was done here. *See* 29 U.S.C. § 2104(5).

**Damages**

Where "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record ...the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944) ("[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.")); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further

5

hearing.").

As for damages in the instant matter, the WARN Act entitles plaintiffs to back pay "for each day of [defendants'] violation(s)" which may be calculated to include the final regular rate received by employees and benefits under an employee benefit plan. 29 U.S.C § 2104(a)(1)(A). The Court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F.Supp.2d 26, 30 (D.D.C.2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)). Plaintiff submitted an affidavit and exhibits in support of the damages it seeks. The Court finds, based on the affidavit of Samuel Gladney and exhibits attached thereto, including payroll information, dues reports, and seniority lists for the class, that Plaintiff is entitled to the amount of $1,945.866.24 in damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No.61) is **GRANTED**.

A separate judgment shall accompany this Memorandum and Order.

So Ordered this 8th day of September, 2025.

_____
**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**

6