UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN HAWTHORNE,<br>*on behalf of herself and those similarly situated*;<br><br>Plaintiff,<br><br>v.<br><br>NORTHVIEW VILLAGE, INC. d/b/a NORTHVIEW VILLAGE, HEALTHCARE ACCOUNTING SERVICES, LLC, and NORTHVIEW VILLAGE CENTER LIMITED PARTNERSHIP;<br><br>Defendants. | ) | Case No. 4:23-cv-01711-SRW<br><br>Magistrate Judge Stephen R. Welby |

**DECLARATION OF SAMUEL GLADNEY IN SUPPORT OF THE UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT**

I, Samuel Gladney, am over the age of eighteen years. I offer this declaration in my capacity as Counsel for ("Plaintiff"), in the above-styled action, in support of the Unopposed Motion for Preliminary Approval of the proposed Class Settlement with Defendants Northview Village Inc, d/b/a Northview Village, Healthcare Accounting Services, LLC, and Northview Village Center Limited Partnership ("Defendants"). I have personal knowledge of the facts recited in this declaration, and if called upon to testify to the truth of the statements below, I could and would do so.

1. This case arises from Defendant's mass layoffs/plant on or about December 15, 2023 at the facility where Plaintiff and the class worked. Plaintiff alleges that Defendant failed to provide the full 60 days' notice before effecting a plant closing or mass layoff as required under the WARN Act.

2. The class was already certified by this Court and is made up of 184 individuals, who meet the Class definition: "All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of December 15, 2023.."

3. I have worked with CPT Group Settlement Administration on numerous settlements. Given my experience with CPT Group, I believe it is a reliable and affordable third-party administrator and is fully capable of administering the Settlement. CPT Group specifically has extensive experience in administering WARN Act claims. Their quote of $11,500 for the administration of a claim containing 184 individuals that includes multiple mailings of the notice and a website to publish information about the settlement.

4. Immediately following the default judgment in this case, Plaintiffs began the process of trying to locate assets of the Defendants. This process included sending post-judgment discovery, financial filing review, and bank garnishments.

5. After Plaintiff sent post-judgment discovery, counsel for the parties spent multiple months attempting to resolve discovery disputes.

6. In all, Defendants produced, and Plaintiffs reviewed, hundreds of pages of documents in the post-judgment discovery process.

7. From start to finish, the process of attempting to locate assets lasted approximately ten months.

8. Settlement was only reached in this matter after an exhaustive process of attempting to locate assets. In Plaintiff's opinion, the likelihood of finding additional assets to which we could attach was slim.

9. The assets located in this matter come from an insurance payment that was discovered in post-judgment discovery.

10. Plaintiffs served interrogatories and requests for production for the purpose of discovering assets. Defendants responded to some of the requests and objected to some others as irrelevant.

11. The facility where class members work is no longer in operation, nor, to our knowledge, is Defendant operating any other facilities.

12. Defendant Healthcare Accounting Services closed on or about December 2024.

13. Plaintiffs registered their judgement in the US District Court for the Northern District of Illinois, and served a garnishment there against an account of Defendant Northview Village Center Limited Partnership.

14. The class members in this matter all work in similar fields with comparable wages and benefits.

15. The amount of the settlement in this matter ($364,68.75) represents roughly 19% of the default judgment in this case.

16. The terms of the Settlement are designed to address the harms caused by the failure to give at least 60 days' notice.

17. Considering the relevant factors, the terms of the Settlement are well within the range of possible final approval and tracks with WARN Act settlements across the country.

18. The Settlement was reached after extensive analysis of the relevant facts and law and is the result of arm's-length negotiations over a period of approximately 10 months.

19. The plaintiffs in this matter all perform a similar line of work and as such the damages in default were calculated based on a 40 hour work week and all plaintiffs will receive equal distributions from the settlement fund.

20. The result achieved here is particularly favorable given the risks of continued attempts to locate assets. There is a high likelihood that additional assets are not available, and that the assets we have located would not remain liquid much longer. The Settlement benefits unquestionably provide a favorable result to the members of the Settlement Class, placing the Settlement well within the range of possible final approval.

21. The Notice program provides the best practicable method to reach the potential class members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters. The Notice program includes multiple mailings, skip-tracking if the notice is not deliverable, and a website with information about the settlement.

22. The Notice is written in plain language such that it will be readily understandable to the Settlement Class, and summarize the Parties' positions in litigation, the terms of the Settlement, instructions on how to object and opt-out from the Settlement, the claims process, and stating the requested attorneys' fees and costs, the requested service awards, and the date, time, and place of the Final Approval Hearing, as set by the Court.

23. Following the negotiations among counsel, in conjunction with another plaintiff firm in this case, drafted the proposed Settlement Agreement and negotiated redline edits with Defendant.

24. The Parties did not negotiate attorneys' fees until the substantive, material terms of the Settlement had been agreed upon.

25. WARN Act cases such as this are inherently complex and require understanding of highly technical topics. Indeed, prolonged litigation would require the Parties to engage with experts in multiple areas, each of which would demand hourly rates in line with what attorneys' typically charge.

26. Through this litigation, all Parties have acted with professionalism and no evidence of collusion could or does exist.

27. Among my firm and the various other lead firms in this case, we have ample resources to prosecute this matter and do not accept outside funding sources.

28. Class Counsel, and all other leads, have diligently prosecuted this action to their fullest capabilities, and that advocacy resulted in the Settlement proposed here.

29. A copy of the executed Settlement Agreement is attached hereto as **Exhibit 1**.

30. The Parties' Long Form Proposed Notice is attached hereto as **Exhibit 2**.

31. The Parties' Short Form Proposed Notice is attached hereto as **Exhibit 3.**

32. The Parties' Proposed Preliminary Approval Order is attached hereto as **Exhibit 4**.

I declare under penalty of perjury that the foregoing is true and correct. Sworn October 22, 2026, at St. Louis, Missouri.

Dated: October 22, 2026

Respectfully submitted,

*/s/ Samuel K. Gladney*
Samuel K. Gladney